IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF IOWA

| UNITED STATES OF AMERICA, | CASE NO. 4:25-cr-00121 |
|---|---|
| Plaintiff, | |
| v. | **DEFENDANT TODD ALLEN MILLER, J.R.'S SENTENCING MEMORANDUM AND MOTION FOR DOWNWARD VARIANCE** |
| TODD ALLEN MILLER JR., | |
| Defendant. | |

COMES NOW, Defendant Todd Allen Miller, Jr., by and through the undersigned, and submits his Sentencing Memorandum and Motion for Downward Variance in advance of the Sentencing Hearing set for July 1, 2026, at 10:15 am.

## I.    INTRODUCTION

On February 24, 2026, Mr. Miller entered a guilty plea to Count 1, Conspiracy to Distribute a Controlled Substance in violation of Title 21, United States Code Sections 841(a)(1), 841(b)(1)(A), and 846. *See* Doc. No.284. The Government has agreed to dismiss Count 15 of the Superseding Indictment. There is a mandatory minimum sentence of fifteen years' imprisonment. Mr. Miller submits that the mandatory minimum sentence is sufficient, but not greater than necessary, to accomplish all sentencing goals.

## II.    PSR OBJECTIONS

On today's date, Mr. Miller supplemented his objections to the presentence investigation report ("PSR"). The Court must resolve the following objections:

1.    Paragraph 57.

2.    Paragraph 59.

3.    Paragraph 66.

       4.      Paragraph 71.

The PSR objections all relate to the same underlying challenged fact, a witness, in a post-Miranda, alleging that Mr. Miller was responsible for 9,072 grams of ice methamphetamine. Doc. No. 467 ¶ 57. That witnesses' statements do not match those of statements made by the alleged source in that source's proffer interview. *Compare* Doc. 467 ¶ 57 with Exhibit D and Exhibit E. This paragraph is in further disagreement with that witnesses' own statements. *See* Exhibit F. Mr. Miller submits that this proof is insufficient.

### III.    U.S. SENTENCING GUIDELINE CALCULATION

The Final PSR calculated the U.S. Sentencing Guidelines as set forth below:

| U.S. Sentencing Guideline Calculation | | |
|---|---|---|
| **TOL Calculation** | | |
| Base Offense Level | §2D1.1 | 38 |
| | | |
| Acceptance of Responsibility | §3E1.1 | -3 |
| Total Offense Level | | **35** |
| **Criminal History** | | |
| Criminal History Level | §4B1.1(b) | VI[1] |
| **Sentencing Table** | | |
| Months of Imprisonment | | 292-365 months |

*See* Doc. No. 467 ¶ ¶ 66-75, 90.

Mr. Miller submits his calculation as follows:

| U.S. Sentencing Guideline Calculation | | |
|---|---|---|
| **TOL Calculation** | | |
| Base Offense Level | §2D1.1 | 34 |
| Enhancement for Career Offender | §4B1.1(b)(1) | 37 |
| Acceptance of Responsibility | §3E1.1 | -3 |
| Total Offense Level | | **34** |
| **Criminal History** | | |
| Criminal History Level | §4B1.1(b) | VI |
| **Sentencing Table** | | |

---

[1] This follows the application of the Career Offender enhancement.

| Months of Imprisonment | | 262 – 327 months |
|---|---|---|

## I. SECTION 3553(a) FACTORS

### A. The Offense and Offender.

Mr. Miller is 31 years old. At the time of sentencing, he will have been in the custody of the US Marshals for 293 days. Mr. Miller has taken full responsibility for his actions.

Mr. Miller's parents separated while he was young. His parents' divorce had a negative effect on his childhood. His father was absent during his childhood. As stated in Denis Castro's character letter, she and Mr. Miller's father separated due to Mr. Miller's father's drug and alcohol addictions. *See* Exhibit A at 2, 3. Todd Miller Sr. acknowledges these struggles and the effect they have had on Mr. Miller. *See* Exhibit A at 3. These issues resulted in his early use of marijuana, and, ultimately, other controlled substances. Mr. Miller submits these are bases for variance. *See United States v Gonzalez*, 573 F.3d 600, 608 (8th Cir. 2009).

As an adult, his substance abuse has continued. Mr. Miller has never participated in meaningful substance abuse treatment and plans to use the BOP's treatment options to improve himself and address his substance abuse issues. Prior to incarceration, Mr. Miller underwent a substance abuse evaluation and was awaiting a bed at a treatment facility. *See* Exhibit C.

Mr. Miller's family remain supportive of him. See Doc. No. 467 ¶ ¶ 102, 103, 104, 105. Exhibit A demonstrates that support. Portions of Mr. Miller's character letters in support appear below:

- "While Todd has faced challenges in his life, including struggles with addiction, he has always cared deeply for his family and has shown love, compassion, and a willingness to help those closest to him."

- "Following my liver transplant, my relationship with Todd improved tremendously. He stepped up during a time when I needed support the most. He regularly came to my home to help with household chores, assisted with cleaning, and rode with me to the grocery store and medical appointments. His willingness to help never had to be requested—he was always there when I needed him."

- "As both his father and I have grown older and faced increasing health challenges, Todd has continued to be there for us. He regularly helps with tasks that have become difficult for us to manage on our own and has provided support in countless ways whenever we have needed it. His willingness to help without hesitation reflects the type of person he is—dependable, thoughtful, and deeply committed to his family."

- Todd has also been there for me emotionally and mentally when I needed someone to lean on. He has always encouraged me to keep moving forward, even during difficult periods. One example that stands out is how he helped me successfully complete high school. He made sure I got up every day, attended school, and stayed focused on my goals. His encouragement and accountability played an important role in helping me graduate.

*See* Exhibit A. Mr. Miller's character letters speak to his kindness, compassion, and the dedication of his family support. As this court knows, a strong support system correlates positively with success following imprisonment.

**B. Need for the Sentence.**

Mr. Miller submits that a sentence of fifteen years is sufficient to accomplish all sentencing goals. Mr. Miller intends to use the resources of any incarceration facility, including substance abuse treatment, to better himself.

When considering deterrence, the fact of incarceration—as opposed to its duration—has the greater deterrent value. Michael Tonry, *Purposes and Functions of Sentencing*, 34 Crime & Just. 1, 28 (2006). *See, e.g.*, Mirko Bagaric et al., *Excessive Criminal Punishment Amounts to Punishing the Innocent: An Argument for Taking the Parsimony Principle Seriously*, 57 S. Tex. L. Rev. 1, 27–28 (2015); Orlando Cosme Jr., *Regulating High-Frequency Trading: The Case for Individual Criminal Liability*, 109 J. Crim. L. & Criminology 365, 385 (2019).

### C. The Guidelines.

The correct Guideline calculation does not cabin the Court in its fashioning the most minimally appropriate sentence. *Gall v. United States*, 552 U.S. 38, 50 (2007).

## II.    MOTION FOR DOWARD VARIANCE

Mr. Miller moves for a variance and submits that it is appropriate in light of the totality of the circumstances. Mr. Miller acknowledges his status as a career offender; however, he submits that this technical categorization is an over representation of his criminal history. The Career Offender enhancement often fails to capture the defendant, his conduct, and the appropriate sentence. "[T]he guidelines themselves have recognized that the career offender enhancement can often result in a gross overstatement of a defendant's criminal history." *United States v. Feemster*, 435 F.3d 881, 883–84 (8th Cir. 2006) *citing* U.S.S.G. § 4A1.3(b)(3) (permitting a one category departure for defendants who, by virtue of the career offender enhancement, have a criminal history category that overrepresents the seriousness of their past offenses). In Mr. Miller's case, he has convictions from 2017, 2019, and 2022 that qualify. Doc. No. 467 ¶ 88.

Mr. Miller submits that the drug quantity at issue does not correlate to the criminality at issue. Iowa courts have agreed that the methamphetamine guidelines are flawed and result in an inflated guideline range. *See United States v. Hayes*, 948 F. Supp. 2d 1009 (N.D. Iowa 2013);

*United States v. Nawanna*, 321 F. Supp. 3d 943 (N.D. Iowa 2018). The methamphetamine Guidelines range is overinclusive, because it subjects all defendants to harsh treatment, not just the managers and leaders of the drug enterprise. *United States v. Hayes*, 948 F. Supp. 2d 1009, 1028 (N.D. Iowa 2013).

## III.    CONCLUSION

Mr. Miller respectfully submits that a sentence of 180 months' imprisonment accomplishes all sentencing goals.

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing instrument was served on the parties to this action by serving a copy upon each of the attorneys listed as receiving notice on June 25, 2026, by CM/ECF.

*/s/ Shannon Galbreath*

Copy to:

Amy L. Jennings
UNITED STATES ATTORNEY'S OFFICE – DSM
210 Walnut Street, Suite 455
Des Moines, IA 50309
Telephone (515) 473-9325
amy.jennings2@usdoj.gov

ATTORNEY FOR PLAINTIFF

WHITFIELD & EDDY, P.L.C.

By: /s/ *Sean M. Corpstein*
    Sean M. Corpstein   AT0012659

699 Walnut Street, Suite 2000
Des Moines, IA 50309
Telephone (515) 288-6041
Fax: (515) 246-1474
corpstein@whitfieldlaw.com

ATTORNEY FOR DEFENDANT
TODD ALLEN MILLER JR.