IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | Criminal No. 4:25-cr-121 |
| v. | ) | |
| | ) | GOVERNMENT'S |
| TODD ALLEN MILLER, JR, | ) | SENTENCING MEMORANDUM |
| | ) | |
| Defendant. | ) | |

From approximately May to September 2025, Defendant was a member of conspiracy in which he distributed significant quantities of methamphetamine in the Des Moines area. Defendant was a source of supply of methamphetamine for several members of the conspiracy. On the day of his arrest, Defendant led law enforcement on a car chase, throwing methamphetamine and a scale from his vehicle as he attempted to elude arrest. He also possessed nearly a pound of methamphetamine at his residence. Defendant is a career offender, and has three prior state convictions for possession of methamphetamine with intent to distribute. Based on the nature and circumstances of the offense and the need for the sentence to reflect the seriousness of the offense, as well the Defendant's history and characteristics and the need to protect the public, the government is requesting the Court impose a sentence at the bottom of the advisory guideline range, 292 months' imprisonment.

## I.    PROCEDURAL BACKGROUND

Defendant pleaded guilty to Count 1 of the superseding indictment, conspiracy to distribute a controlled substance, in violation of Title 21, United States Code, Section 841(a)(1), 841(b)(1)(A) and 846, pursuant to a plea agreement. Presentence

Investigation Report, R. Doc., ¶455 (hereinafter "PSR"), ¶¶4, 5. Defendant stipulated to a prior felony drug conviction pursuant to Section 851. *Id.* at ¶6. The government agreed to dismiss Count 15 at time of sentencing.  Sentencing is set for July 1, 2026.

## II.    SENTENCING CALCULATION

### A.    Statutory Maximum and Minimum Sentence

Based on Defendant's plea of guilty to Count 1, Defendant is subject to:

**Count 1 (Conspiracy to Distribute a Controlled Substance)**
Imprisonment: Fine:      15 years to life
Fine:                    up to $20,000,000
Supervised Release:      10 years to life
Special Assessment:      $100

### B.    PSR Objections & Disputed Guideline Issues – Drug Quantity

Defendant has two outstanding objections to the PSR – whether paragraph 57 is factually accurate and the total drug quantity attributable to defendant and the resulting base offense level. The information contained in paragraph 57 is corroborated by uncontested portions of the PSR that demonstrate Defendant was a source of supply for SOI#2 (PSR ¶¶34-36), Samantha Baldridge (*Id.* at ¶¶27-31; 58), and Jason Baxter-Blakely (*Id.* at ¶¶44-47). It is also corroborated by uncontested portions of the PSR that establish Defendant offered to sell CS#3 a pound of methamphetamine and a discount if CS#3 purchased more than four pounds (*Id.* at ¶¶32-33) as well as Defendant's possession of a significant amounts of methamphetamine in his vehicle and a safe at his residence (*Id.* at ¶¶52, 54). To further establish the information set forth in paragraph 57, the government anticipates calling witnesses at the sentencing hearing who will testify regarding

their knowledge of the events set forth in that paragraph. The government will respectfully request that the Court overrule Defendant's objections to paragraph 57 and the drugs attributed to him in that paragraph, and find Defendant has a base offense level of 38.

### C.   Sentencing Guidelines Calculation

The PSR correctly calculates the advisory guidelines range in this case as follows:

| | |
|---|---|
| Base Offense Level (USSG §2D1.1(c)) | 38 |
| USSG §3E1.1 (acceptance of responsibility): | −3 |
| Total Offense Level: | 35 |
| Criminal History Category | VI |

Guideline Sentencing Range: 292 to 365 months' imprisonment
Statutory mandatory minimum of 15 years' imprisonment.

## III.   SENTENCING FACTORS & GOVERNMENT'S RECOMMENDATION

The appropriate sentence to be imposed by the Court should be "sufficient but not greater than necessary" to meet relevant sentencing objectives, which include:

1. the nature and circumstances of the offense and history and characteristics of the defendant;
2. the need for the sentence imposed –
   A. to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
   B. to afford adequate deterrence to criminal conduct;
   C. to protect the public from further crimes of the defendant; and
   D. to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
3. the kinds of sentences available;
4. the guideline sentencing range;
5. any pertinent policy statement;
6. the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

7.      the need to provide restitution to any victims of the offense.

*See* 18 U.S.C. § 3553(a).

The nature and circumstances of the offense and Defendant's history and characteristics warrant a sentence at the bottom of the guideline range. From approximately May to September 2025, Defendant distributed significant quantities of methamphetamine in the Des Moines area. He served as a source of supply for multiple individuals, including SOI#3, Samantha Baldridge, Jason Baxter-Blakely, and James Waters. Defendant was "like brothers" with codefendant Joshua Rankin, and the two worked together to obtain and distribute pound quantities of methamphetamine. Defendant's conduct on the day of his arrest is aggravating. Defendant led the Iowa State Patrol on a car chase and threw methamphetamine and a scale out his vehicle while he was fleeing. (PSR ¶¶52-53.)  During a search of his vehicle following his apprehension, investigators observed methamphetamine residence on the interior of the vehicle and recovered 133.98 grams of methamphetamine. (*Id.* at ¶53.)  At his residence, Defendant possessed just short of a pound of methamphetamine. (*Id.* at ¶54.) He is attributable for more than nine kilograms of actual methamphetamine. The length of the conspiracy as well as Defendant's deep involvement with the conspiracy are aggravating in nature.

Defendant's criminal history is also an aggravating factor. Defendant, who is age 31, is a career offender. Defendant has accumulated a total of 14 criminal history points. Thus, even without the career offender designation, he would be in criminal history category VI. Defendant's criminal history is remarkable because he has been

convicted of possession of methamphetamine with intent to deliver on three previous occasions – in 2017, 2019, and 2022. (*Id.* at ¶¶83, 84, 86.) He was on parole for all three of those convictions when he committed the instant offense. (*Id.* at ¶88.) He has prior convictions for assault, harassment, and carrying weapons, and has previously engaged in eluding behavior. (*Id.* at ¶¶78, 79, 82, 86.) Defendant's repeated returns to methamphetamine trafficking, despite significant interventions, demonstrate she is a danger to the community.

WHEREFORE, the government requests the Court consider this sentencing memorandum in determining the final sentence of Defendant.

Respectfully submitted,

David C. Waterman
United States Attorney

By: */s/Amy Jennings*
Amy Jennings
Assistant United States Attorney
Neal Smith Federal Building
210 Walnut Street, Suite 455
Des Moines, Iowa 50309
Tel:  (515) 473-9300
Fax:  (515) 473-9292
Email: Amy.Jennings2@usdoj.gov

CERTIFICATE OF SERVICE

I hereby certify that on June 25, 2026, I
electronically filed the foregoing with the
Clerk of Court using the CM ECF system.  I hereby
certify that a copy of this document was served
on the parties or attorneys of record by:

_____U.S. Mail _____ Fax _____Hand Delivery

_ X _ ECF/Electronic filing ـ_____Other means

UNITED STATES ATTORNEY

By: _*/s/Janna Colvin*, Paralegal Specialist_